Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE CAGUAS
PANEL X

| | | |
|---|---|---|
| OSVALDO FRIGER SALGUEIRO<br><br>Demandante - Apelante<br><br>V.<br><br>MECH-TECH COLLEGE, LLC; MECH-TECH MANAGEMENT LLC; ARTIFICIAL INTELLIGENCE<br><br>Demandados – Apelados | KLAN202300926 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2018CV03195 (702)<br><br>Sobre: Daños y Perjuicios, Utilización No Autorizada del Derecho a la Propia Imagen |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

El 16 de octubre de 2023, compareció ante este Tribunal de Apelaciones, el señor Osvaldo Friger Salgueiro (en adelante, parte apelante o señor Friger Salgueiro), por medio de *Apelación*. Mediante esta, nos solicita que revisemos la *Sentencia* emitida y notificada el 15 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Caguas. En virtud del aludido dictamen, el foro *a quo*, declaró con lugar la *Demanda* presentada por la parte apelante, ordenó a Mech-Tech College, LLC (en adelante, Mech-Tech College) a cesar inmediatamente la utilización de cualquiera y todo material en el que se utilizara la imagen de la parte apelante, y a pagarle a esta última la suma de $20,000.00 por la utilización no autorizada de su imagen y $4,000.00 por concepto de honorarios de abogado.

Por los fundamentos que se exponen a continuación, se desestima el recurso de epígrafe por falta de jurisdicción, por notificación tardía.

**I**

Los hechos que suscitaron la controversia de epígrafe se remontan a una *Demanda* sobre daños y perjuicios y utilización no autorizada de la propia imagen, presentada el 13 de diciembre de 2018, por el señor Friger Salgueiro en contra de Mech-Tech College; Mech-Tech Management; LLC, Artificial Intelligence, Corp. d/b/a Artificial Intelligence, Corp; Compañía Aseguradora ABC; Compañía Aseguradora DEF y Compañía Aseguradora XYZ (en conjunto, parte apelada). Según se desprende de las alegaciones de la *Demanda*, el señor Friger Salgueiro fue empleado de la parte apelada desde el 1ro de enero de 2010 hasta octubre de 2017 y entre sus funciones se encontraba el dirigir y producir videos y/o contenido promocional. Surge, además, que, la parte apelada había utilizado en más de 380 ocasiones la *propia imagen* de la parte apelante con fines comerciales, mercantiles y publicitarios sin su consentimiento y sin haber mediado una "transferencia escrita", según dispuesto por la Ley Núm. 139 del 13 de julio de 2011. La parte apelante sostuvo que, luego de haberse culminado la relación obrero patronal entre las partes, la parte apelada no solicitó autorización para la utilización y diseminación de videos o el material en los cuales se incluye su *propia imagen*. Expresó que, hasta el momento de la presentación de la *Demanda*, la parte apelada continuaba utilizando su imagen de forma ilegal, no autorizada y sin que el señor Friger Salgueiro le hubiese transferido los derechos sobre su imagen, incluyendo en plataformas como *Facebook*, *Instagram*, *Youtube* y por medio de la televisión. Aseguró haber remitido varias misivas a la parte apelada, mediante las cuales solicitó el cese y desista de la alegada conducta, pero que, a pesar de ello, la parte apelada

continuaba utilizando su imagen. A tales efectos, solicitó al foro *a quo* que le ordenara el cese y desista de la utilización de su imagen a la parte apelada, más una indemnización ascendiente a una cantidad no menor de $500,000.00.

En respuesta, la parte apelante presentó la *Contestación a Demanda*. Por medio de esta, negó lo alegado en la *Demanda*. Además, sostuvo que, en la controversia de epígrafe aplicaba la doctrina de "trabajo por contrato", donde una persona no puede reclamar violación al uso de su propia imagen o propiedad intelectual, si recibe paga por contrato para el uso de tal imagen. Acotó que, ostentaba los derechos de propiedad intelectual sobre los videos filmados por la parte apelante, ya que le había remunerado por los aludidos videos. Aseguró que, el señor Friger Salgueiro no era empleado, sino que, era un contratista independiente de Artificial Intelligence, Corp. y que prestaba servicios mediante contrato para el Departamento de Producción de tal corporación. Adujo que, no se encontraba en la obligación de solicitar autorización a la parte apelante para utilizar su imagen, ya que se le había pagado por la producción de múltiples videos publicitarios para el uso de las empresas.

Luego de varias incidencias procesales innecesarias pormenorizar, la parte apelada presentó la *Moción de Sentencia Sumaria* donde reiteró su posición en cuanto a que estaba facultada para utilizar la imagen de la parte apelante y el material videográfico que produjo durante su relación laboral. Asimismo, solicitó la desestimación de la *Demanda* en su contra.

Por su parte, el señor Friger Salgueiro presentó la *Oposición a Moción de Sentencia Sumaria y y Solicitud para que se Dicte Sentencia Sumaria Parcial Interlocutoria a Favor de Osvaldo Friger Salgueiro*. Por medio de esta, arguyó que, había brindado su consentimiento tácito para el uso de su imagen mientras trabajó con

la parte apelada y mientras recibía una compensación mensual por los servicios prestados. Añadió que, posterior a que la parte apelada diera por terminada unilateralmente la relación laboral entre las partes, tal consentimiento cesó, y que así se lo dejó saber mediante el envío de una misiva de cese y desista. Acotó que, a través de la aludida misiva, le solicitó a la parte apelada que cesara el uso de su imagen. Adujo, además que, luego de que cesara el consentimiento, conforme a la Ley Núm. 139-2011, la parte apelada no estaba autorizada a continuar utilizando la imagen del señor Friger Salgueiro.

Posteriormente, la parte apelada presentó la *Réplica a Oposición a Moción de Sentencia Sumaria*. Sostuvo que, la Ley Núm. 139-2011 no aplicaba en la relación de trabajo entre las partes, puesto que, al momento en que se creó el material videográfico y promocional, esta no estaba en vigor. Acotó que, la parte apelante había consentido sin límites y condiciones al uso del referido material. Igualmente, arguyó que, en caso de que aplicara la aludida ley, esta no requería que el consentimiento fuera por escrito. Añadió que, en el caso de que sí lo requiriese, no existían requisitos de forma del documento donde constase tal consentimiento. Sostuvo, además que, el consentimiento otorgado por la parte apelante no perdió su validez al culminar la relación laboral entre las partes.

Así las cosas, el 1 de diciembre de 2021, fue celebrada una *Vista Argumentativa*. Luego de las partes exponer sus respectivas posiciones, el foro *a quo* determinó que procederí a resolver las mociones dispositivas posteriormente.

Subsiguientemente, el Tribunal emitió una *Resolución* en la cual declaró No Ha Lugar las solicitudes de sentencia sumaria presentadas por las partes. Lo anterior, debido a que concluyó que, existía controversia sustancial sobre el consentimiento de la parte apelante y su extensión, términos y condiciones, si alguno. De igual

manera, determinó que, no contaba con los elementos necesarios para determinar si la parte apelada era dueña de la propiedad intelectual de todos los anuncios, videos y programas creados con la imagen del señor Friger Salgueiro, ya que ello no surgía del expediente.

En desacuerdo, la parte apelada presentó la *Moción Solicitando Reconsideración*. Mientras que, la parte apelante presentó la *Moción en Oposición a Reconsideración*. En respuesta, la parte apelada presentó la *Réplica a Oposición a Moción Solicitando Reconsideración (Entrada #85)*. Por su parte, el señor Friger Salgueiro presentó la *Enérgica Oposición a "Réplica a Oposición a Moción Solicitando Reconsideración" y Solicitud de Desglose*. El 25 de mayo de 2022, el foro primario declaró No Ha Lugar la moción de reconsideración presentada por la parte apelada.

Transcurridos varios trámites procesales innecesarios pormenorizar, el 15 de septiembre de 2023, el foro de primera instancia emitió la *Sentencia* cuya revisión nos atiene. En virtud de esta determinó que, todo material utilizado con posterioridad a la presentación de la carta de cese y desista fue sin autorización. De igual manera, a pesar de que dio credibilidad a la continuación del uso de la imagen posterior a la culminación de la relación contractual, no pudo especificarse la cantidad de la ocurrencia ni la cuantía de la monetización supuestamente obtenida o beneficio económico recibido por la parte apelada. A tales efectos, declaró Ha Lugar la *Demanda*, y le ordenó a la parte apelada que cesara de forma inmediata de la utilización de cualquiera y todo material en el que se utilizara la imagen de la parte apelante. En adición, le condenó solidariamente al pago de $20,000.00 por la utilización no autorizada de la imagen del señor Friger Salgueiro y $4,000.00 por honorarios de abogado.

Insatisfecha, la parte apelante acudió ante este foro revisor y esgrimió los siguientes señalamientos de error:

**Primer Error:** Erró el Tribunal al no considerar prueba sometida bajo juramento al expediente judicial, no controvertida por la parte demandada y, que además utilizaron para sustentar sus alegaciones, siendo prueba material no controvertida para determinar la cantidad de las ocurrencias y calcular los daños estatutarios con la correspondiente indemnización según provee la ley sobre imagen propia.

**Segundo Error:** Erró el Tribunal al no determinar que Mech-Tech utilizó la imagen del Sr. [Friger] Salgueiro intencionalmente cuando la propia sentencia dispone que Mech-Tech "conocía o debía conocer que luego de la carta del 5 de octubre de 2018 no la podían usar más".

**Tercer Error**: Erró el Tribunal al determinar que el material generado por el Sr. Friger Salgueiro es propiedad de Mech-Tech y que el demandante tiene derechos únicamente sobre su imagen y no sobre toda la propiedad intelectual sobre el material creado mientras duró su relación comercial con Mech-Tech.

El 20 de octubre de 2023, la parte apelada presentó la *Moción de Desestimación de Recurso de Apelación por Incumplimiento con las Reglas 13 y 15 del Reglamento del Tribunal de Apelaciones*. Mediante esta, trajo a nuestra atención que, a pesar de que la parte apelante había presentado el recurso de epígrafe el 16 de octubre de 2023, el mismo le fue notificado mediante correo electrónico el 17 de octubre de 2023 y mediante entrega personal efectuada el 18 de octubre de 2023. Conforme a lo anterior, sostuvo que, procedía la desestimación del recurso, dado a que no se perfeccionó conforme a derecho.

Subsiguientemente, la parte apelante presentó la *Réplica a Moción de Desestimación Presentada por Mech-Tech, et al.* Por medio de la misma, expresó que, su intención en todo momento fue perfeccionar la notificación por correo electrónico en o antes de las 11:59 PM del mismo día en que se presentó el escrito, pero que, el envío de los documentos divididos en dos archivos PDF había sido enviado a las 12:01 AM. A tenor con lo anterior, aseguró la

existencia de justa causa para la dilación de la notificación del escrito. Indicó la existencia de unos cambios operacionales en la oficina que le llevaron a completar el escrito de apelación el mismo día en que vencía el término jurisdiccional. Añadió que, debido a la falta de conexión a internet de alta velocidad, el envió tardó "más de lo normal", y que esa fue la razón para que todas las partes recibieran copia del documento por email a las 12:01 AM.

Luego de sendas mociones presentadas por las partes, la parte apelada presentó la *Oposición a Recurso de Apelación Presentado por el Apelante-Apelante, Osvaldo Friger Salgueiro (Núm. KLAN202300926).*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II

### A. *Jurisdicción*

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *Miranda Corrada v. DDEC et al.,* 2023 TSPR 40, 211 DPR ___ (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500. La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020); *Torres Alvarado v. Madera Atiles*, supra, pág.

500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. AAA,* 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652, 600 (2014); *Suffront v. AAA,* supra, pág. 674; *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394-395 (2022).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[1], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Perfeccionamiento de Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera,* 197 DPR 636, 641 (2017). Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este

---

[1] 4 LPRA Ap. XXII-B, R. 83.

Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker*, supra, pág. 290, *Arraiga v. FSE*, 145 DPR 122, 130 (1998).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1070-1071 (2019). El Reglamento del Tribunal de Apelaciones, en su Regla 13(A) dispone que, las apelaciones contra las sentencias dictadas en los casos civiles por los foros de instancia deberán presentarse dentro del término jurisdiccional de treinta (30) días contados a partir del archivo en autos de una copia de la notificación de la sentencia. Bajo este supuesto, respecto a la notificación del recurso de apelación a las partes, la Regla 13(B) del Reglamento del Tribunal de Apelaciones, *supra*, dispone lo siguiente:

(1) Cuándo se hará

La parte apelante **notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso**, siendo este un término de estricto cumplimiento.

La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos.[2]

Según puede observarse, el término antes dispuesto es uno de cumplimiento estricto. Con relación a los términos de cumplimiento estricto y jurisdiccional, el Tribunal Supremo de Puerto Rico expresó en *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013), lo siguiente:

Es norma harto conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v. Depto. Familia*, 184 D.P.R. 393 (2012). Sin embargo, para prorrogar un término de cumplimiento estricto "generalmente se requiere que la parte que

---

[2] 4 LPRA Ap. XXII-B, R. 13(B).

solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido". *Íd.* pág. 403.

Dicha norma fue reiterada posteriormente, en *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 170 (2016), al indicar que "los tribunales *no gozan de discreción para prorrogar los términos de cumplimiento estricto automáticamente*"[3]. En el aludido caso[4], el Tribunal Supremo dispuso lo siguiente:

> [E]l foro adjudicativo tiene discreción para extender un término de cumplimiento estricto **solo cuando la parte que lo solicita demuestra justa causa para la tardanza**. Al ser así, se le requiere a quien solicita la prórroga o a quien actúe fuera del término que presente justa causa por la cual no puede o pudo cumplir con el término establecido.[5] En conformidad con esto, nuestra última instancia judicial ha reafirmado que los tribunales podrán eximir a una parte de observar el cumplimiento con un término de este tipo únicamente si concurren las condiciones siguientes: **(1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que acredite de manera adecuada la justa causa aludida**.[6] (Énfasis nuestro).

Las partes litigantes deben atender estos requerimientos con seriedad, ya que "[n]o se permitirá desviación alguna del plazo […] so pena de desestimación del recurso, a menos que la tardanza ocurrida se justifique detalladamente y a cabalidad". *Pueblo v. Fragoso Sierra*, 109 DPR 536, 539 (1980). Con respecto al requisito de justa causa, en *Soto Pino v. Uno Radio Group*, supra, nuestra Alta Curia reiteró que la justa causa se acredita mediante explicaciones "concretas y particulares, -debidamente evidenciadas en el escrito- que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora". *Soto Pino v. Uno Radio Group*, supra pág. 93 citando a *Febles v. Romar*, supra, pág. 720.

---

[3] *Soto Pino v. Uno Radio Group*, supra, pág. 93.
[4] *Rivera Marcucci et al. v. Suiza Dairy*, supra, pág. 171.
[5] *Soto Pino v. Uno Radio Group*, supra, pág. 92.
[6] *Id.*, pág. 93.

Finalmente, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. A.E.E*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[7] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[8]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso de epígrafe. Veamos.

Según reseñáramos, la parte apelante mediante recurso de apelación presentado el 16 de octubre de 2023, nos solicita que revisemos la *Sentencia* emitida el 15 de septiembre de 2023 por la primera instancia judicial.

Mediante *Resolución* emitida del 20 de octubre de 2023, le ordenamos a la parte apelante acreditar en o antes del 27 de octubre de 2023, haber notificado copia del recurso de epígrafe a la parte apelada, ello de conformidad con la Regla 13(B) del Reglamento de

---

[7] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).
[8] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998).

este Tribunal. Asimismo, se le apercibió que, el incumplimiento con lo ordenado daría lugar a la desestimación del recurso.

Subsiguientemente, la parte apelada presentó la *Moción de Desestimación de Recurso de Apelación por Incumplimiento con las Reglas 13 y 15 del Reglamento del Tribunal de Apelaciones*, en la cual trajo a nuestra atención que, a pesar de que la parte apelante había presentado el recurso de epígrafe el 16 de octubre de 2023, el mismo le fue notificado mediante correo electrónico el 17 de octubre de 2023.

El 25 de octubre de 2023, la parte apelante presentó la *Moción en Cumplimiento de Orden*, donde expresó haber notificado a la parte apelada mediante correo electrónico la presentación del recurso de epígrafe.

Si bien es cierto que la parte apelante presentó su recurso de apelación dentro del término provisto por el reglamento de este Tribunal, no obstante, esta notificó a la parte apelada fuera del aludido término. Pues, en la *Réplica a Moción de Desestimación Presentada por Mech-Tech, et al*, la parte apelante reconoce que, la apelación y su apéndice fueron enviados a la parte apelada el 17 de octubre de 2023 a las 12:01 am.

La Regla 13(B) del Reglamento de este Tribunal es clara al expresar que, la parte apelante deberá notificar **el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso**, siendo este un término de estricto cumplimiento.[9] La parte apelante tenía disponible hasta el 16 de octubre de 2023 para presentar y notificar el recurso con todos sus anejos, no obstante, no cumplió con notificarlo dentro de tal término. Es por lo que, ante el incumplimiento con las disposiciones reglamentarias de este tribunal sobre la notificación de los recursos

---

[9] 4 LPRA Ap. XXII-B, R. 13(B).

apelativos, procede la desestimación del recurso de marras. Cabe destacar que, las razones ofrecidas por la parte apelante para la notificación fuera del término dispuesto no constituyen justa causa conforme a nuestro estado de derecho.[10]

De acuerdo con lo antes esbozado, procedemos a desestimar el recurso de epígrafe de conformidad con la Regla 83(C) del Reglamento de este Tribunal[11], el cual le confiere facultad a este Tribunal para a iniciativa propia desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de epígrafe por falta de jurisdicción, por notificación tardía.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] Véase *Soto Pino v. Uno Radio Group*, supra, pág. 92.
[11] 4 LPRA Ap. XXII-B, R. 83(C).